UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-314-RJC-DSC

| | |
|---|---|
| GREGORY JEROME MILLER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLINAS HEALTHCARE SYSTEM, )<br>)<br>Defendant. )<br>) | **ORDER** |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss, (Doc. No. 4). Plaintiff filed his handwritten Complaint on May 16, 2012. (Doc. No. 1). Defendant filed a Motion to Dismiss for Failure to State A Claim on September 28, 2012. (Doc. No. 4). On October 15, 2012 Plaintiff filed a Response to Defendant's Motion to Dismiss in which he requested leave to amend the Complaint. (Doc. No. 5).

Defendant argues correctly that Plaintiff's Complaint fails to meet the minimum pleading standards as articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009). A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To satisfy this Rule 8 requirement, the showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. at 697 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc.,

551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," however, "do not suffice." Id. Although the Court must consider all well-pled allegations in the complaint as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and must construe all factual allegations in the light most favorable to the plaintiff, Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999), the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

Nonetheless, pro se complaints are to be "liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Furthermore, as indicated in the Complaint, Plaintiff's action is brought pursuant to Title VII of he Civil Rights Act of 1964. 42 U.S.C. 2000(e)(5)(g). Courts have a "heightened" duty to ensure that pro se cases alleging civil rights violations are not defeated on merely technical grounds. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) ("[T]he Court in considering the defendant's motion to dismiss will not permit technical pleading requirements to defeat the vindication of any constitutional rights which the plaintiff alleges, however inartfully, to have been infringed."). Accordingly, this Court will grant the Plaintiff leave to amend his Complaint to bring it into conformity with the pleading requirements established in the Federal Rules of Civil Procedure.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 4), is **DENIED without prejudice**. Plaintiff shall file an Amended Complaint, or a voluntary dismissal of his Complaint, within **thirty (30) days** of entry of this Order.

Signed: November 26, 2012

*[signature]*

Robert J. Conrad, Jr.
Chief United States District Judge

3