# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:12-CV-314-RJC-DSC

| | |
|---|---|
| GREGORY JEROME MILLER, | ) |
| Plaintiff, | ) |
| vs. | ) **MEMORANDUM AND RECOMMENDATION** |
| CAROLINAS HEALTHCARE SYSTEM, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss Plaintiff's Amended Complaint," Doc. 11, filed January 14, 2013, and the parties' associated briefs and exhibits, Docs. 12 and 13.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted in part and denied in part, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Accepting the allegations of the *pro se* Amended Complaint, Doc. 8, as true, Plaintiff Gregory Jerome Miller, an African-American male, was hired by Defendant in December 2000. Plaintiff generally alleges that "[t]he discriminatory acts that are the basis of this suit are, removal from assigned duties without just cause, failure to promote, wrongful administrative leave, wrongful termination of employment, harassment, invasion of privacy, retaliation and

1

blacklisting. Defendant's conduct was discriminatory with respect to race, color, sex and age." Doc. 8.

> Plaintiff further alleges that his manager, Jeff Norville, a white male,
>
> repeatedly engaged in acts that were insulting, offensive and harmful to Plaintiff's potential career at Carolinas Healthcare System. In some instances he would yell at Plaintiff in the workplace in an insulting manner. In some instances he would slap Plaintiff on the arm and push Plaintiff in the back in an offensive manner. In some instances he would make disparaging remarks about Plaintiff to employees and management with the obvious intent to harm Plaintiff's good reputation.

Id. at 2. Plaintiff also alleges that he "was first assigned to the Cashiers Department [where he] worked on a computer and helped with the Patient Accounting work, but without explanation and justification, Jeff Norville removed Plaintiff from his computer duties and placed Plaintiff in the back of the building to search for paper files in boxes." Id. Plaintiff alleges that "a member of management referred to him as a 'boy' which is a well-known insult to African-American men, by saying, 'See you later, boy.', as Plaintiff exited the supervisor's cubicle." Id. at 3. Plaintiff alleges that other members of management engaged in physical harassment in addition to Norville. Id.

Plaintiff asserts that he "applied for a supervisor position for which he was qualified, and the end result was that he was not hired and did not receive any notification of the results of the hiring process even though Defendant's policy states that applicants will be notified of the results." Id.

Plaintiff also alleges that he repeatedly complained about Norville's treatment and eventually contacted the Equal Employment Opportunity Commission ("EEOC"). Id. He alleges that "Defendant retaliated shortly thereafter by wrongfully placing Plaintiff on administrative leave without reason, wrongfully discharging Plaintiff, and wrongfully engaging

in blacklisting." Id. Plaintiff alleges that neither his supervisor, Edmond Braithwaite, nor his manager, Mary Garris, ever met with him to discuss his administrative leave or subsequent discharge. Id.

On March 26, 2010, Plaintiff filed a Charge of Discrimination with the EEOC. Doc. 4-2. In his EEOC Charge he stated that "[m]y co-workers both African-American and White have not been subjected to the physical harassment like I was." Id. On February 28, 2012, the EEOC issued Plaintiff a Letter of Dismissal and Notice of Rights informing him of his right to sue. Doc. 1 at 7. On May 16, 2012, Plaintiff commenced this action against Defendant. On September 12, 2012, Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim for relief. Doc. 4. On November 26, 2012, the Honorable Robert J. Conrad, Jr., Chief District Court Judge, entered an Order on Defendant's Motion to Dismiss. Doc. 7. The Court's Order stated that "Defendant argues correctly that Plaintiff's Complaint fails to meet the minimum pleading standards as articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009)." Id. at 1. However, the Court denied Defendant's Motion to Dismiss "without prejudice" and granted Plaintiff "leave to amend his Complaint to bring it into conformity with the pleading requirements established in the Federal Rules of Civil Procedure." Id. at 2.

On December 26, 2012, Plaintiff filed his Amended Complaint. Doc. 8. On January 14, 2013, Defendant filed the present Motion to Dismiss. Doc. 11. Defendant argues that Plaintiff's Amended Complaint suffers from the same defects as his original Complaint and is devoid of any factual allegations that would support rational inferences of discrimination, retaliation, harassment or other violations of law. In his Response to Defendant's Motion to Dismiss, Doc. 12, Plaintiff argues that he has met the minimum pleading requirements established under the

3

Federal Rules of Civil Procedure and Ashcroft v. Iqbal, 556 U.S. 662 (2009) and that his Amended Complaint should not be dismissed.

The Motion to Dismiss has been fully briefed and is now ripe for review.

## II. DISCUSSION OF CLAIMS

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not

assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

The Court is mindful of the latitude extended to the pleadings of *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a *pro se*] petitioner's inartful pleading liberally"). However, courts cannot act as the *pro se* plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). As a result, even a *pro se* plaintiff's claim for relief "requires more than labels

and conclusions...." Twombly, 550 U.S. at 555. Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). In light of these cases, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will not survive a motion to dismiss under Rule 12(b)(6).

Plaintiff's Amended Complaint is not a model of clarity, but the Court has endeavored to determine what claims he has alleged and will address them in turn.

### B. Title VII Claims on Basis of Sex and Age

"Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC." Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002). It is well settled that the scope of the plaintiff's EEOC charge defines the scope of any ensuing lawsuit. Id. (citing Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000)). The Fourth Circuit has held that "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996). Claims that fall outside of the scope of the EEOC charge are procedurally barred. Dennis v. Cnty. of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995). The exhaustion requirement ensures that an employer is put on notice of the alleged violations so that the matter may be resolved out of court if possible. Miles v. Dell, Inc., 429 F.3d 480, 491 (4th Cir. 2005).

Plaintiff did not raise the issues of sex or age discrimination anywhere in his EEOC Charge. He did not check the box labeled "sex" or "age." In the "Particulars" section of the

Charge narrative, he specifically stated that "I believe that I was discriminated against because of my race (black), color, and in retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended."  Doc. 4-2.  The undersigned finds that Plaintiff failed to exhaust his administrative remedies with respect to Title VII claims on the basis of sex and age, and therefore the Court lacks jurisdiction over them.  See, e.g., Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005)("[T]he plaintiff's claim generally will be barred if his charge alleges discrimination on one basis-such as race-and he introduces another basis in formal litigation-such as sex."); Miles, 429 F.3d at 491 (holding plaintiff failed to exhaust her administrative remedies because neither defendant employer nor the EEOC would have been put on notice of a retaliation claim because of the deficiencies in plaintiff's EEOC charge); Evans, 80 F.3d at 963 (dismissing age discrimination charge where EEOC charge only alleged sex discrimination, holding that "age discrimination does not necessarily flow from sex discrimination and vice versa").  Therefore, the undersigned respectfully recommends that Defendant's Motion to Dismiss with respect to Plaintiff's Title VII discrimination claims on the basis of sex and age be granted.

**C. Claims of Blacklisting, Invasion of Privacy and Violation of North Carolina Recording Law**

In his Amended Complaint, Plaintiff makes references to "blacklisting," "invasion of privacy" and "violation of the North Carolina Recording Law."  Plaintiff does not allege specific facts to support any of these purported claims.  Consequently, the undersigned respectfully recommends that Defendant's Motion to Dismiss with respect to these claims be granted.

**D. Title VII Discrimination Claim on the Basis of Race**

In his Amended Complaint, Plaintiff alleges that Defendant discriminated against him and ultimately discharged him on the basis of his race in violation of Title VII. Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).

Plaintiff claims that he was initially assigned to computer work, but Norville removed him from this assignment and moved him to the back of the building to search for paper files in boxes. He alleges that Norville yelled at him in an insulting manner, would slap or push him and made disparging remarks about him to employees and management. He alleges that other members of management physically harassed him. Plaintiff alleges that after repeatedly complaining about Norville's actions, he filed a complaint with the EEOC on March 26, 2012. In his EEOC Charge, Plaintiff alleges that both his African-American and white co-workers have not been subjected to the same physical harassment. He alleges that he was summarily placed on administrative leave without a reason in May 2010, and then received a letter stating that he had been discharged in June 2010. At this stage of the proceeding, the undersigned finds that these facts support a claim for disparate treatment.

A plaintiff properly pleads a case of discrimination through disparate treatment by showing that he "was treated less favorably" because he falls into one of the protected classes listed in the statute. <u>Anderson v. Westinghouse Savannah River Co.</u>, 406 F.3d 248, 268 (4th Cir. 2005). Disparate treatment "is the most easily understood form of discrimination. The employer

simply treats some people less favorably than others because of their race, color, religion, sex, or national origin." Int'l. Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n.15 (1977). For a claim of disparate treatment, "[p]roof of discriminatory intent is critical, although it can in some situations be inferred from the mere fact of differences in treatment." Id. (citing Arlington Heights v. Met. Hous. Dev. Corp., 429 U.S. 252, 265–66 (1977)). Here, the undersigned finds that Plaintiff's Amended Complaint allows for an inference of discriminatory intent.

"The prima facie case under McDonnell Douglas ... is an evidentiary standard, not a pleading requirement," which delineates "the order and allocation of proof" in a discrimination case. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002) (quoting McDonnell Douglas, 411 U.S. at 800). Accordingly, "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination under the framework set forth in McDonnell Douglas." Swierkiewicz, 534 U.S. at 508. Rather, as with any other claim falling within the purview of Rule 8(a), "to survive a motion to dismiss, the complaint must 'state a plausible claim for relief' that 'permit[s] the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, ––– U.S. ––––, 132 S.Ct. 1327, 182 L.Ed.2d 296 (2012)(quoting Iqbal, 556 U.S. 662, 679 (2009)).

In this instance, the undersigned finds that Plaintiff's allegations are not conclusory, as Defendant contends. Plaintiff alleges that he was treated less favorably and ultimately discharged because he was African-American and that other co-workers, who were white, were not subjected to the same treatment.[1] It may be that the comparator evidence will not prove

---

1 The court may consider an EEOC charge without converting a motion to dismiss into one for summary judgment. Brown v. Inst. for Family Centered Servs., 394 F.Supp.2d 724, 729 n. 2 (M.D.N.C.2005).

strong enough to persuade a finder of fact that discrimination was truly at play in Plaintiff's discharge. However, Plaintiff need not conclusively establish his prima facie case, or satisfy the McDonnell Douglas scheme of proof to survive a motion to dismiss. In the undersigned's view and based on the fact that pro se pleadings are to be liberally construed, these allegations are sufficient to withstand dismissal under Rule 12(b)(6). Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss Plaintiff's Title VII discrimination claim on the basis of race be denied.

### E. Title VII Failure to Promote Discrimination Claim on the Basis of Race

To establish a prima facie case of a discriminatory failure to promote, a plaintiff must show that: "(1) [ ]he is a member of a protected group, (2) there was a specific position for which [ ]he applied, (3) [ ]he was qualified for that position, and (4) [his employer] rejected h[is] application under circumstances that give rise to an inference of discrimination." Williams v. Giant Food Inc., 370 F.3d 423, 430 (4th Cir. 2004).

After reviewing the allegations in the Amended Complaint, the undersigned finds that, in drawing all reasonable inferences in his favor, Plaintiff has alleged sufficient facts to satisfy the four elements of his failure to promote claim. First, Plaintiff has alleged facts demonstrating that he is a member of a protected class. Second, he has alleged that he "applied for a supervisor position" and "had job opportunities blocked." Doc. 8 at 3. He also alleged that Jeff Norville, a white male, "engaged in efforts to deny Plaintiff's opportunities for advancement at Carolinas Healthcare System." Id. at 2. Third, he alleged that he was qualified for the supervisor position. Id. at 3. Fourth, Plaintiff alleges that "the end result was that he was not hired and did not receive any notification of the results of the hiring process even though Defendant's policy states

that applicants will be notified of the results." Id. Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss Plaintiff's Title VII failure to promote discrimination claim on the basis of race be denied.

### F. Title VII Hostile Work Environment Claim on the Basis of Race

In order to state a prima facie hostile work environment claim based on race, Plaintiff must show that: (1) he was harassed "because of" his race; (2) the harassment was unwelcome; (3) the harassment was sufficiently severe or pervasive to create an abusive working environment; and (4) some basis exists for imputing liability to the employer. Bonds v. Leavitt, 629 F.3d 369, 385 (4th Cir. 2011).

Title VII "does not set forth 'a general civility code for the American workplace.'" Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53, 68 (2006) (internal citations omitted). As the Fourth Circuit has recognized, "plaintiffs must clear a high bar in order to satisfy the severe or pervasive test." EEOC v. Sunbelt Rentals, Inc., 521 F.3d 306, 315 (4th Cir. 2008). It is insufficient to plead facts establishing "callous behavior by [one's] superiors." Id. at 315-16 (quoting Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)); see Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (the " 'mere utterance of an ... epithet which engenders offensive feelings in a employee[ ]' does not sufficiently affect the conditions of employment to implicate Title VII") (quoting Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986)) (internal citation omitted).

The plaintiff must plead facts showing that he perceived the harassment to be hostile or abusive, and that the harassment was "sufficiently severe or pervasive" so as to "create[ ] an environment that a reasonable person would find hostile or abusive." Jennings v. Univ. of North

Carolina, 482 F.3d 686, 696 (4th Cir. 2007) (internal quotations omitted); see Harris, 510 U.S. at 21-22 ("if the victim does not subjectively perceive the environment to be abusive, ... there is no Title VII violation"). Thus, the plaintiff must bring forward facts showing both subjective and objective "severe or pervasive" harassment. Ocheltree v. Scollon Prods., Inc., 335 F.3d 325, 333 (4th Cir. 2003) (en banc) (citing Harris, 510 U.S. at 21-22). In determining whether conduct is so severe or pervasive as to be objectively intolerable, a court examines the frequency of the conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance. Fox v. Gen. Motors Corp., 247 F.3d 169, 178 (4th Cir. 2001).

The undersigned finds that the incidents cited in Plaintiff's Amended Complaint are not severe nor pervasive enough to form the basis for a hostile work environment claim. Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss Plaintiff's Title VII hostile work environment claim be granted.

### G. Title VII Retaliation Claim

To state a prima facie case of retaliation in violation of Title VII, Plaintiff must show: (1) that he engaged in protected activity; (2) that the employer took an adverse action against him; and (3) a causal connection between his protected activity and the adverse action. Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). "Protected activities fall into two distinct categories: participation or opposition. An employer may not retaliate against an employee participating in an ongoing investigation or proceeding under Title VII, nor may the employer take adverse employment action against an employee for opposing discriminatory practices in the workplace." Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 259 (4th Cir.1998)

(internal citations omitted). Protected activities include "utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities." Id. at 259. Close proximity in time can give "rise to sufficient inference of causation to satisfy the prima facie requirement." King v. Rumsfield, 328 F.3d 145, 151(4th Cir. 2003) (holding that a two month and two week time frame between employer's notice of EEOC complaint and plaintiff's termination satisfied prima facie causation requirement).

Plaintiff alleges that he "repeatedly complained to Defendant about Jeff Norville's negative actions." Doc. 8 at 2. Plaintiff also alleges that he made a complaint to the EEOC in March 2010 and he was later "summarily placed on administrative leave without a reason" in May 2010. Id. at 3. Plaintiff alleges that he received a letter discharging him in June 2010. Id. He alleges that his supervisor and manager never met with him to discuss his administrative leave or subsequent discharge. Id. At this stage of the proceedings, the undersigned finds that Plaintiff's allegations are sufficient to support a prima facie case of retaliation under Title VII. Therefore, the undersigned respectfully recommends that Defendant's Motion to Dismiss with respect to Plaintiff's Retaliation claim under Title VII be denied.

### H. Title VII Claims on the Basis of Color

"Color discrimination arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African–American individual is discriminated against in favor of a light-colored African–American individual." Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 133 n. 5 (4th Cir. 2002). The undersigned finds that Plaintiff has failed to plead facts giving rise to a plausible inference of color based discrimination. Plaintiff

does not state whether he is light or dark skinned. Plaintiff's allegations focus exclusively on his race and are devoid of any hint that his particular skin tone motivated the alleged discrimination. Therefore, the undersigned respectfully recommends that Defendant's Motion to Dismiss with respect to Plaintiff's Title VII claims on the basis of color be granted.

## IV. **RECOMMENDATION**

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Motion to Dismiss Plaintiff's Amended Complaint," Doc. 11, be **GRANTED IN PART** and **DENIED IN PART**, that is, all Plaintiff's claims against Defendant be dismissed with prejudice EXCEPT Plaintiff's Title VII Claims for Disparate Treatment, Failure to Promote, and Retaliation on the basis of race.

## V. **NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED**.

Signed: February 19, 2013

David S. Cayer
United States Magistrate Judge