# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-314-RJC-DSC

| | |
|---|---|
| GREGORY JEROME MILLER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>CAROLINAS HEALTHCARE )<br>SYSTEM, )<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint, (Doc. No. 11), the parties associated briefs, (Doc. Nos. 12; 13), the Magistrate Judge's Memorandum and Recommendations (M&R), (Doc. No. 14), Defendant's objections to the M&R, (Doc. No. 15), Plaintiff's objections to the M&R, (Doc. No. 16), and Defendant's reply to Plaintiff's objections. (Doc. No. 17). This matter is now ripe for adjudication.

## I.  BACKGROUND

### A.  Procedural Background

Plaintiff filed his complaint on May 16, 2012. On September 28, 2012, Defendant moved to dismiss Plaintiff's claim under Rule 12(b)(6). On November 26, 2012, this Court entered an order that recognized that Plaintiff had failed to state claims upon which relief could be granted but granted leave to Plaintiff to amend his complaint to bring it into conformity with the Federal Rules of Civil Procedure. (Doc. No. 7). On December 26, 2012, Plaintiff filed his Amended

Complaint. (Doc. No. 8). On January 14, 2013, Defendant filed the instant Motion to Dismiss for failure to state a claim upon which relief may be granted (Doc. No. 11). On February 20, 2013, the Magistrate Judge issued his M&R which recommended dismissal of Plaintiff's claims for: Sex and Age Discrimination under Title VII; Blacklisting under North Carolina Law; Hostile work environment under Title VII; and Title VII Claims on the basis of color (Doc. No. 14). The Magistrate Judge found that Plaintiff had pled sufficient facts to support his claims for three title VII claims: Discriminatory Discharge; Failure to Promote; and Retaliation.

B. Factual Background

Plaintiff George Miller, an African-American male, was hired by Defendant in December 2000. Plaintiff alleged that his manager, Jeff Norville (Norville), a white male, engaged in acts that were offensive to Plaintiff and harmful to his career, including, among other things, yelling at him, calling him "boy" while at work, slapping him on the arm, and making disparaging remarks about Plaintiff to management. (Doc. No. 8 at 2; 3). Plaintiff asserted that other members of management besides Norville engaged in physical harassment. (Id. at 2.) Additionally, Plaintiff alleged that Norville removed him from computer duties and assigned him "to the back of the building to search for paper files in boxes." (Id.). Plaintiff alleged that he complained repeatedly about Norville's treatment of him. (Id. at 3.) Finally, Plaintiff stated that he applied for a supervisor position for which he was qualified but was neither hired, nor notified of the results even though Defendant's policy requires applicants to be so notified. (Id.).

On March 26, 2010, Plaintiff filed a charge of discrimination with the EEOC alleging retaliation, termination, general and sexual harassment, blacklisting, obstruction of justice, and continuing discrimination based on race, color, sex and age. (Doc. No. 4-2). In May 2010,

Plaintiff was informed that he had been placed on administrative leave. (Doc. No. 8 at 3). He was notified of his termination in June 2010. (Id.) Plaintiff alleged that neither his supervisor, Edmond Braithwaite, nor his manager, Mary Garris, met with him to discuss his administrative leave or discharge. (Id.). On February 28, 2012, the EEOC issued Plaintiff a Letter of Dismissal and Notice of Rights informing him of his right to sue. (Doc. No. 1 at 7).

## II. STANDARD OF REVIEW

A party may file specific, written objections to a magistrate judge's M&R within fourteen (14) days after being served with a copy of the recommended disposition. 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b); United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (holding that "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection"). A district judge must conduct a de novo review of those portions of the report to which proper objections are made. 28 U.S.C. § 636(b)(1). In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff," Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993), and should grant the motion only where the complaint fails to state "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 556 U.S. at 678.

## III. DISCUSSION

Defendant filed objections to the M&R on February 20, 2013. Specifically, Defendant

3

objected that the Magistrate Judge: (1) ignored Fourth Circuit precedent and relied on allegations not present in the Amended Complaint in considering the Discriminatory Discharge claim; (2) incorrectly interpreted conclusions as factual allegations for three of four elements of Plaintiff's Failure to Promote Claim; and (3) treated conclusions as factual allegations sufficient to support the causation requirement for a Retaliation Claim.

Plaintiff filed a sprawling list of seventeen (17) objections focusing, alternately, on the M&R and the Supreme Court's ruling in Ashcroft v. Iqbal, 556 U.S. 662 (2009). The general tenor of Plaintiff's objections is to question the constitutionality of Iqbal insofar as it infringes on the rights of plaintiffs to free speech, self-representation, right to trial by jury, equal protection, and discovery.[1] Plaintiff also objects to the findings and recommendations of those sections of the M&R wherein the Magistrate Judge recommended dismissal of the charges.

Given the scope of objections lodged by both parties, the Court reviews the M&R de novo in its totality.

    A. Title VII Claims on Basis of Sex and Age

The Magistrate Judge recommended dismissal of Plaintiff's claim for Age and Sex discrimination based on his failure to exhaust administrative remedies. The scope of Plaintiff's EEOC charge defines the scope of any ensuing lawsuit. Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). Plaintiff objects that the Magistrate Judge ignored the fact that Plaintiff had alleged in his complaint that an unwritten policy existed that favored younger over

---

[1] The Court finds Plaintiff's objections on balance to be too general and philosophical to warrant detailed analysis. To address each individually would require an expansive discourse far beyond that which is necessary to determine this action. District courts lack the authority to overrule clear Supreme Court precedent. United States v. Thomas, 242 F.3d 1028, 1035 (11th Cir. 2001). The Court therefore declines to consider Plaintiff's objections as they relate to Iqbal.

older candidates and blocked older workers from obtaining management experience. This objection, however, does not address whether Plaintiff disclosed such facts to the EEOC. Here, Plaintiff failed to check the box for age or sex discrimination, but did check the box that defendant's conduct was discriminatory, <u>inter alia</u>, on the basis of age and sex. In the EEOC complaint, Plaintiff did not list any facts to support a charge related to age or sex discrimination. The facts alleged by Plaintiff in the EEOC complaint focus exclusively on actions related to racial discrimination, including harassment, retaliation and wrongful discharge. The goals of the Age Discrimination Act (ADEA) would be undermined if a plaintiff could raise claims in litigation that did not appear first in his EEOC charge. <u>See</u> <u>Chacko v. Patuxent Institution</u>, 429 F.3d 505 (2005). To prevent such gamesmanship, the Fourth Circuit has held that "the scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents." <u>Jones v. Calvert Group., Ltd.</u>, 551 F.3d 297, 300 (4th Cir. 2009). In the instant suit, Plaintiff failed to provide facts in the EEOC complaint to provide notice that Defendant had engaged in acts of sex or age discrimination.

The Court **ADOPTS** the Magistrate Judge's recommendation and **DISMISSES** plaintiff's claim under Title VII for Sex and Age Discrimination with prejudice.

B. <u>Claims of Blacklisting, Invasion of Privacy, and Violation of North Carolina Recording Law</u>

The Magistrate Judge recommended dismissal of Plaintiff's claims related to "blacklisting, invasion of privacy" and "violation of North Carolina Recording Law" for failure to allege specific facts to support these claims. (Doc. No. 14 at 7). Plaintiff objects that he was unable to obtain facts related to these charges as "[b]lacklisting is an inherently secret activity"

5

and therefore such facts are not yet known to Plaintiff.  (Doc. No. 16 at 3).

Many alleged torts revolve around actions or conspiracies whose full dimensions are not known to defendants.  The requirements of Rule 8(a)(2) are satisfied when the allegations possess sufficient heft to show that the pleader is entitled to relief.  Twombly, 550 U.S. at 557.  Blacklisting occurs when a party communicates unsolicited information about a person to potential employers for the purposes of preventing such person from obtaining employment.  N.C. GEN. STAT. § 14-355 (2003).  In the immediate instance, Plaintiff has not alleged any facts to suggest that he looked for another job, that he was denied another job, that such denial might be reasonably related to information communicated to potential employers by Defendant, or that any person or company received negative information about Plaintiff from defendant.  Rule 8(a)(2) requires parties to plead those facts which are known to them at the time and support an inference of illegal activity.

Nor has plaintiff provided any concrete facts to allege that Defendant violated his privacy or recorded his comments illegally other than to state that Norville repeated details of Plaintiff's private telephone conversations.  Plaintiff does not provide a date or any other facts to support this claim.  He does not allege what exactly Defendant said to him.  Plaintiff need not know all of the facts, but he should be able to state at least some.  A failure to allege concrete facts carries the effect of asking the Court to take a Plaintiff's word that a tort occurred.  The law requires more than this.  Where a Plaintiff alleges no facts, the reasonable inference is that such a claim is based solely on speculation.

Accordingly, the Court **ADOPTS** the Magistrate Judge recommendation and **DISMISSES** Plaintiff's claim for blacklisting, invasion of privacy, and violation of North

6

Carolina Recording law.

        C. <u>Title VII Discrimination Claim on the Basis of Race</u>

Defendant objected that the Magistrate Judge, in finding that Plaintiff had stated sufficient facts to support a claim for race discrimination, relied on allegations not made in the Amended Complaint and incorrectly applied Supreme Court precedent established in <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 510-11 (2002).[2]

    Plaintiff alleges that "Jeff Norville is a white man and over the years of Plaintiff's employment with Carolinas Healthcare System he openly displayed animosity towards Plaintiff, and Plaintiff believes it was because of his race, African American." (Doc. No. 8 at 2: Amended Complaint). Plaintiff further alleges that Norville assigned him to a less favorable position working with files, that he yelled at him in an insulting manner, and that he made disparaging remarks to employees and management. (Id.) Additionally, although Plaintiff did not attach the EEOC charge to the Amended Complaint, the Court considers the attachment of such to the original complaint to be sufficient in this instance. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). (Courts should construe a pro se plaintiff's pleadings liberally).

After reviewing the Amended Complaint and the EEOC charge, the Court finds that Plaintiff has failed to state sufficient facts to support a claim for Title VII discrimination for race. In the absence of direct evidence of discrimination, Plaintiff is required to plead that: (1) he is a member of a protected class; (2) that he performed his job satisfactorily; (3) that he suffered adverse employment action; and (4) that he received different treatment from similarly situated

---

[2] In its objections to the M&R, Defendant's tone straddles the fine line between zealous advocacy and indignation, crossing over in several places. For example, Defendant argues that: "Apparently, the Magistrate Judge was 'grasping for straws' to find a way to avoid dismissal of Plaintiff's fatally Amended Complaint." (Doc. No. 15 at 11). The use of such language is unhelpful and unpersuasive.

7

employees outside the protected class. White v. BFI Waste Servs., 375 F.3d 288, 295 (4th Cir. 2004). Although Plaintiff states that he was "fully qualified" for his position in terms of education and experience, he offers no facts to support that he was performing his job in a satisfactory manner as required to prevail on his claim. "Dismissal of a complaint for failure to state facts supporting each element of a claim is, of course, proper." Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002). For plaintiff to state a claim upon which relief may be granted, he must plead that he suffered adverse employment action despite the fact that his job performance was satisfactory. Plaintiff has not done so. Accordingly, the Court **DISMISSES** Plaintiff's claim for Title VII Discrimination on the Basis of Race.

    D. Title VII Failure to Promote

Defendant argues that the Plaintiff offered mere conclusions rather than sufficient factual basis to support three of the four elements in his Title VII failure to promote claim. To establish a prima facie case of discriminatory failure to promote, a plaintiff must show that: (1) he is a member of a protected group; (2) there was a specific position for which he applied; (3) he was qualified for that position; and (4) his employer rejected his application under circumstances giving rise to an inference of discrimination. Williams v. Giant Food Inc., 370 F.3d 423, 430 (4th Cir. 2004). Here, the Court finds that Plaintiff has failed to plead facts sufficient to address the second element of this charge which requires the identification of a specific position. Notice pleading rests on the principle that the defendants should have fair notice of what the plaintiff's claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). In this instance, even taking into account the liberal standard afforded pro se litigants, the pleading fails to offer sufficient facts to allege the existence of a specific position for which Plaintiff applied

and was rejected.

The Court **DISMISSES** Plaintiff's claim under Title VII for failure to promote.

E. Title VII Hostile Work Environment

In order to state a prima facie hostile work environment claim based on race, Plaintiff must show that: (1) he was harassed because of his race; (2) the harassment was unwelcome; (3) the harassment was sufficiently severe or pervasive to create an abusive work environment; and (4) some basis exists for imputing liability to the employer. Bonds v. Leavitt, 629 F.3d 369, 385 (4th Cir. 2011). The Magistrate Judge found that Plaintiff had not alleged facts to show that the harassment was "sufficiently severe or persuasive" to create "an environment that a reasonable person would find hostile or abusive." (Doc. No. 14 at 11) (quoting Jennings v. Univ. of North Carolina, 482 F.3d 686, 696 (4th Cir. 2007) (internal citations omitted)). Plaintiff offered general objections to the Magistrate Judge's findings.

Courts look to several factors to determine whether the discrimination alleged was sufficiently severe or pervasive to violate Title VII, including (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely offensive; and (4) whether it unreasonably interferes with an employee's work performance. Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993). In the immediate instance, the Court finds that Plaintiff has failed to sufficiently allege a claim for hostile work environment. Plaintiff does not provide specific details about the date, frequency, or duration of Defendant's discriminatory actions other than to say that they occurred "in some instances." Such facts are necessary for a court to infer that a tort occurred. To support a claim, the law requires specific factual allegations, not general conclusory allegations. The actions alleged by

9

Plaintiff are not "sufficiently severe or persuasive" so as to foster "an environment that a reasonable person would find hostile or abusive." Jennings, 482 F.3d at 696. Accordingly, Plaintiff has failed to state a plausible claim for hostile work environment under Title VII and Defendant's Motion to Dismiss this claim is **GRANTED**.

F. Retaliation

To establish a prima facie claim for retaliation in violation of Title VII, a plaintiff must allege (1) that he engaged in protected activity; (2) that the employer took an adverse action against him; and (3) a causal connection exists between his protected activity and adverse action. Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). Defendant objects that the Magistrate Judge, in finding Plaintiff had sufficiently alleged a claim for retaliation, erroneously relied on a finding that the temporal proximity between the filing of an EEOC complaint and a person's termination is sufficient to establish causation. In finding causation, the Magistrate Judge held that "'[c]lose proximity in time can give 'rise to sufficient inference of causation to satisfy the prima facie requirement.'" (Doc. No. 14 at 13) (quoting King v. Rumsfeld, 328 F.3d 145, 151 (4th Cir. 2003)).

Defendant argues that King is inapposite as Plaintiff failed to allege knowledge on the part of Defendant. This Court agrees. The facts alleged by Plaintiff, namely that he "repeatedly complained to Defendant about Jeff Norville's negative actions" are too vague to support a finding that Defendant had knowledge that Plaintiff had engaged in protected behavior of the type that would invoke legal protections of Title VII. "Title VII protects the right of employees … to complain to their superiors about suspected violations of [the statute]." Bryant v. Aiken Reg'l. Med. Ctrs., Inc., 333 F.3d 536, 543-44 (4th Cir. 2003). Title VII, however, does not

10

protect against vague complaints of unfair treatment. A "general complaint of unfair treatment does not translate into a charge of illegal … discrimination." Barber v. CSX Distribution Servs., 68 F.3d 694, 702 (3rd Cir. 1995) (holding that protected activity for purposes of identical anti-retaliation provision of ADEA requires specific allegation of unlawful age discrimination). In the instant case, Plaintiff has not alleged that he complained to Defendant about discriminatory behavior. To extend the protections of Title VII under such circumstances would enlarge the statute to encompass protections to any employee who had made generalized complaints regarding any facet of their employment. Such enlargement would eliminate the requirement that the Defendant have knowledge of a specific complaint of illegal activity at the time of the retaliatory act.

The Court finds that Plaintiff has failed to allege that Defendant had knowledge that Plaintiff had engaged in protected behavior. Accordingly, the Court **GRANTS** Defendant's Motion and **DISMISSES** Plaintiff's claim for Retaliation.

  F. Color Discrimination

Color discrimination arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark colored African-American individual is discriminated against in favor of a light-colored African-American individual." Bryant v. Bell Atlantic Md., Inc., 288 F.3d 124, 133 n.5 (4th Cir. 2002). The Magistrate Judge found that Plaintiff failed to plead facts giving rise to a plausible inference of color discrimination. (Doc. No. 14 at 13). Plaintiff did not provide a detailed objection.

Plaintiff has not alleged any facts to support a claim for color discrimination. Accordingly, the Court **DISMISSES** Plaintiff's Title VII claim for discrimination on the basis of

color.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Dismiss for Failure to State a Claim (Doc. No. 11) is **GRANTED**. Specifically, Plaintiff's claim for Sex and Age Discrimination is **DISMISSED with prejudice**. Plaintiff's claim for Blacklisting, Invasion of Privacy and Violation of North Carolina Recording law are **DISMISSED with prejudice.** Plaintiff's claim for Title VII Race Discrimination is **DISMISSED with prejudice**. Plaintiff's claim for Failure to Promote under Title VII is **DISMISSED with prejudice**. Plaintiff's claim for Title VII Color Discrimination is **DISMISSED with prejudice.** Plaintiff's claim for Hostile Work Environment and Retaliation is **DISMISSED with prejudice**.

2. Defendant's motion to dismiss Plaintiff's claim for retaliation in violation of Title VII is **GRANTED** and Plaintiff's claim for Retaliation is **DISMISSED with prejudice**.

3. The Magistrate Judge's M&R (Doc. No. 14) is **ADOPTED in part**.

4. The Clerk of Court is directed to close this case.

Signed: June 18, 2013

Robert J. Conrad, Jr.
United States District Judge