# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-00314-RJC-DSC

| | |
|---|---|
| **GREGORY JEROME MILLER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION AND ORDER** |
| v. ) | |
| ) | |
| **CAROLINAS HEALTHCARE SYSTEM,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss for Failure to Prosecute or, in the Alternative, Motion to Compel Plaintiff's Deposition Attendance," Doc. 36, filed March 3, 2015 and "Defendant's Motion to Extend Remaining Deadlines," Doc. 38, filed March 26, 2015.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for determination. Having carefully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>granted</u>, and Defendant's Motion to Extend Remaining Deadlines be <u>denied as moot</u>, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a case involving alleged employment discrimination brought by pro se Plaintiff Gregory Jerome Miller, a former employee of Defendant Carolinas HealthCare System ("CHS"). Plaintiff filed suit against CHS on May 16, 2012. On June 19, 2013, this Court dismissed all of

Plaintiff's claims with prejudice. Plaintiff appealed to the Fourth Circuit Court of Appeals. On March 13, 2014, the Fourth Circuit affirmed this Court's dismissal in part and remanded for further proceedings on Plaintiff's Title VII claims for race discrimination, retaliation, and failure to promote. The case was reopened in this Court on April 4, 2014 following issuance of the Fourth Circuit's formal Mandate. In June 2014, Plaintiff filed a Petition for Certiorari with the United States Supreme Court.

During the pendency of the Certiorari Petition, Plaintiff failed to submit to the mandatory Rule 26(f) Conference, provide CHS with his mandatory Rule 26(a)(1) Initial Disclosures, or participate in discovery. After unsuccessfully attempting to obtain Plaintiff's disclosures and discovery responses, CHS filed a Motion to Compel which the Court granted on August 8, 2014. In the August 8, 2014 Order, the Court expressly warned Plaintiff

> [T]hat failure to provide full and complete Initial Disclosures and responses to Defendant's First Set of Interrogatories and Requests for Production or failure to respond to any other of Defendant's reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions. **Sanctions may include Plaintiff being ordered to pay Defendant's costs, including reasonable attorney's fees in their entirety, and may also include dismissal of the Complaint with prejudice**.

Doc. 28 at 2 (emphasis in original).

On August 15, 2014, Plaintiff sought and was granted a stay of the case during the pendency of his Certiorari Petition. See Doc. 29 and August 17, 2014 Text-only Order granting stay. On October 23, 2014, the Court lifted the stay and again ordered Plaintiff to "provide full and complete Initial Disclosures and responses to Defendant's First Set of Interrogatories and Requests for Production" within fourteen days. See October 23, 2014 Text-Only Order.

Plaintiff again failed to provide Initial Disclosures. On November 6, 2014, Plaintiff provided incomplete, unsigned, and unverified responses to CHS's discovery requests. On November 17, 2014, the Supreme Court denied Plaintiff's Certiorari Petition.

On December 11, 2014, Plaintiff filed a Notice with the Court stating: "With this letter, I respectfully withdraw the case." Doc. 33. On December 12, 2014, in response to Plaintiff's Notice, the Court instructed Plaintiff that, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), he must file a stipulation of dismissal signed by all parties who have appeared in order to close the case. On December 16, 2014, CHS filed an Objection to Plaintiff's Notice in which CHS consented only to a dismissal of all of Plaintiff's claims with prejudice and requested a hearing to resolve the matter. Doc. 34.

On February 2, 2015, counsel for CHS noticed Plaintiff's deposition for February 24, 2015. Counsel for CHS also wrote Plaintiff requesting that he provide alternative dates if he was unavailable on February 24. Plaintiff did not respond. Counsel for CHS proceeded to hire a court reporter, prepare for the deposition, and arrange for a CHS representative to attend. On February 24, 2014, Plaintiff failed to appear for his properly noticed deposition.

On March 3, 2015, CHS filed "Defendant's Motion to Dismiss for Failure to Prosecute or, in the Alternative, Motion to Compel Plaintiff's Deposition Attendance," Doc. 36. According to the Motion, to date, Plaintiff has:

> failed to comply with the Rules of Civil Procedure and failed to comply with Court Orders by failing to participate in a Rule 26(f) conference, failing to provide Rule 26 initial disclosures, failing to provide complete non-evasive discovery responses, and failing to attend his properly noticed deposition. Additionally, Plaintiff admitted that he is no longer prosecuting his case and his actions conclusively demonstrate that he is indeed treating this case as if he is no longer a party. Plaintiff's failure to comply with the Rules of Civil Procedure, failure to comply with Court Orders, and affirmative demonstration that he ceased prosecution of his case are all independently sufficient grounds for dismissal pursuant to Fed. R. Civ. P. 41(b).

Doc. 36 at 5.

The undersigned issued an "Order to Show Cause," Doc. 37, on March 23, 2015, instructing Plaintiff that his response to Defendant's Motion was due on or before April 24, 2015. The Court warned Plaintiff that "<u>failure to make a timely response to this Order to Show Cause may result in **DISMISSAL** of this case **WITH PREJUDICE**</u>." Doc. 37 at 2 (emphasis in original).

On April 24, 2015, Plaintiff filed his "Statement to Show Cause," Doc. 39. He reiterates his request "that the Court withdraw the case and that the Defendant's motion for dismissal with prejudice be denied." Doc. 39 at 1. Plaintiff does not address his failure to comply with the Rules of Civil Procedure, participate in discovery or attend his properly noticed deposition.

## II.   DISCUSSION

Based upon the foregoing, Defendant makes a persuasive argument that dismissal of this action with prejudice is warranted under Federal Rules of Civil Procedure 37 and 41. Defendant contends that no other sanction is appropriate. Plaintiff has not addressed his failure to prosecute the case and states twice that his wants the Court to "withdraw the case." Doc. 39 at 1 and 3. Plaintiff offers no basis for the Court to dismiss his claims without prejudice. The undersigned concludes that Plaintiff's failure to prosecute and abide by the Federal Rules and the Orders of this Court warrants dismissal with prejudice.

The undersigned respectfully recommends that Defendant's Motion be granted.

## III. ORDER

IT IS ORDERED that:

1. All further proceedings in this action, including all discovery, are STAYED pending the District Judge's ruling on this Memorandum and Recommendation and Order.

2. "Defendant's Motion to Extend Remaining Deadlines," Doc. 38, is **DENIED AS MOOT**.

## IV. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that the "Defendant's Motion to Dismiss for Failure to Prosecute or, in the Alternative, Motion to Compel Plaintiff's Deposition Attendance," Doc. 36, be **GRANTED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to pro se Plaintiff, counsel for Defendant, and and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: May 15, 2015

David S. Cayer
United States Magistrate Judge